(7)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 FEB -5 P 3: 22

C.A. No. _____    U.S. DISTRICT COURT
DISTRICT OF MASS.

THERESA CAHILL and MERLE
KINGSLEY,

Plaintiffs

v.

MICHAEL SNOW, JOHN PATCH, and
PETER BRULOTTE,

Defendants

# 04 - 30024 - MAP

NOTICE OF REMOVAL

04 FEB - 5 PM 4: 18
FRANKLIN SUPERIOR COURT
FILED

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS:

Now come the defendants pursuant to the provisions of 28 U.S.C. §§1441 and

1446, and hereby file notice of the removal of this action from the Superior Court of the

Commonwealth of Massachusetts, County of Franklin, where it is currently pending,

based upon the following grounds:

1.      This is an action in which the plaintiffs allege violations of their due

process rights under the Fourteenth Amendment to the U.S. Constitution and seek relief

presumably pursuant to 42 U.S.C. §1983. See Complaint, ¶¶ 47-71, affixed hereto and

incorporated by reference. The plaintiffs also assert a state claim alleging violations of

their procedural due process rights under Article 12 of the Massachusetts Declaration of

Rights. See Complaint, ¶¶ 47-71.

2.      This Court has jurisdiction over the plaintiffs' constitutional claims

A TRUE COPY ATTEST
Pursuant to Copy Catches

_Doris J. Doyle_
CLERK

I HEREBY ATTEST AND CERTIFY ON 2/5/04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY: _____

(7)

3.     This Removal is timely, as the defendants were notified of this action on

January 14, 2004.

4.     All defendants have consented to the removal of the matter to the United

States District Court for the District of Massachusetts.

SIGNED PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL

PROCEDURE.

> DEFENDANTS,
> MICHAEL SNOW, JOHN PATCH,
> and PETER BRULOTTE,
> By their attorneys,
>
> David C. Jenkins (BBO# 251000)
> Sarah N. Turner (BBO# 654195)
> Kopelman and Paige, P.C.
> 31 St. James Avenue
> Boston, MA 02116
> (617) 556-0007

211009/BERN/0019

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on 2/5/04

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT

**KOPELMAN AND PAIGE, P. C.**

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GORSIO
THOMAS W. MCEVANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. COFBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. COFBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
LAURA H. PAWLE
TODD A. FRAMPTON
JACKIE COWIN
SARAH N. TURNER

February 5, 2004

<u>BY HAND</u>

Civil Clerk
United States District Court
  for the District of Massachusetts
Federal Building & Courthouse
1550 Main St.
Springfield, MA 01103

Re:    Theresa Cahill, et al. v. Michael Snow, et al.
       <u>United States District Court, C.A. No. _____</u>

Dear Sir/Madam:

       Pursuant to question eight of the Civil Category Sheet, please find enclosed a copy of the Plaintiff's Motion for Temporary Restraining Order.  The defendants will submit an opposition to this motion.

       Thank you for your attention to this matter.

                                        Very truly yours,

                                        Sarah N. Turner

SNT/lem
Enc.
cc:    Board of Selectmen (w/o enc.)
       Edward F. Berlin, Esq. (w/o enc.)
       Alexander Z. Nappan, Esq. (w/o enc.)
211129/02900/0019

PRINTED ON RECYCLED PAPER

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.

| | |
|---|---|
| THERESA CAHILL and<br>MERLE KINGSLEY,<br><br>      Plaintiffs,<br><br>v.<br><br>MICHAEL SNOW, JOHN PATCH, and<br>PETER BRULOTTE,<br><br>      Defendants. | NOTICE OF APPEARANCE |

TO THE CLERK OF THE ABOVE-NAMED COURT:

Please enter my appearance for the Defendants Michael Snow, John Patch, and

Peter Brulotte, in their capacities as members of the Town of Bernardston Board of

Selectmen, in the above-referenced matter.

DEFENDANTS,
MICHAEL SNOW, JOHN PATCH, and
PETER BRULOTTE,

By their attorneys,

David C. Jenkins (BBO# 251000)
Sarah N. Turner (BBO# 654195)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on 2/5/04

A TRUE COPY ATTEST

CLERK

℈JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

THERESA CAHILL and MERLE KINGSLEY

## DEFENDANTS

MICHAEL SNOW, JOHN PATCH, and PETER BRULOTTE

(b) County of Residence of First Listed Plaintiff __Franklin__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Franklin__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Edward F. Berlin, Esq.        Alexander Z. Nappan, Esq.
Law Firm of Edward F.         32 Bray Rd.
Berlin, P.C.                  Shelburne Falls, MA 01370
20 Federal St., Ste 5        413-625-1081
Greenfield, MA 01301 713-774-4800

Attorneys (If Known)

David C. Jenkins, Esq. (BBO#251000)
Sarah N. Turner, Esq. (BBO#654195)
Kopelman and Paige, P.C.
31 St. James Ave., Boston, MA 02116
617-556-0007

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

XX 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                     and One Box for Defendant)

| | DEF | | | DEF |
|---|---|---|---|---|
| Citizen of This State | ☐ 1  ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2  ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3  ☐ 3 | Foreign Nation | ☐ 5 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | XX 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  Original
     Proceeding

☒ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     another district
     (specify)

☐ 6  Multidistrict
     Litigation

☐ 7  Appeal to
     District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Plaintiffs claim that the defendants violated their procedural due process rights under the Fourteenth Amendment to the U.S. Constitution and seek injunctive relief pursuant to 42 U.S.C. §1983

## VII. REQUESTED IN    ☐ CHECK IF THIS IS A CLASS ACTION
COMPLAINT:       UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)   (See instructions):
IF ANY

JUDGE  Franklin Superior Court

DOCKET NUMBER  04-00003

DATE  2/5/04

SIGNATURE OF ATTORNEY OF RECORD  _David C. Jenkins_

FOR OFFICE USE ONLY

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

A TRUE COPY ATTEST

_Doris G. Doyle_

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.    Title of case (name of first party on each side only)  Cahill v. Snow, et al.

2.    Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See

      local rule 40.1(a)(1)).

      [ ]    I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

      [XX]   II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                    740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

      [ ]    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                    315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                    380, 385, 450, 891.

      [ ]    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                    690, 810, 861-865, 870, 871, 875, 900.

      [ ]    V.     150, 152, 153.

3.    Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
      this district please indicate the title and number of the first filed case in this court.

      Cahill v. Snow, et al., Greenfield Superior Court, C.A. No.

4.    Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES [ ]      NO [x]

5.    Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See
      28 USC §2403)

                                                                    YES [ ]      NO [XX]

      If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES [ ]      NO [XX]

6.    Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES [ ]      NO [XX]

7.    Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
      Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
      40.1(d)).

                                                                    YES [X]      NO [ ]

      A.    If yes, in which division do all of the non-governmental parties reside?

            Eastern Division [ ]          Central Division [ ]          Western Division [ ]

      B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
            agencies, residing in Massachusetts reside?

            Eastern Division [ ]          Central Division [ ]          Western Division [X]

8.    If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
      yes, submit a separate sheet identifying the motions)

                                                                    YES [XX]     NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  David C. Jenkins, Esq. and Sarah N. Turner, Esq.
ADDRESS  Kopelman and Paige, P.C., 31 St. James Ave., Boston, MA 02116
TELEPHONE NO.  617-556-0007

(Coversheetlocal.wpd - 10/17/02)

United States District Court for the District of Massachusetts (a copy of which Notice of

Removal is annexed hereto) was duly filed in the United States District Court for the

District of Massachusetts.

Please take further notice that this Notice and a copy of the Notice of Removal,

certified by the United States District Court for the District of Massachusetts, has been

duly filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts,

Franklin County, which filing removes this action and, in accordance with 28 U.S.C. §

1446(d), the Superior Court shall proceed no further herein unless and until this case is

remanded by the United States District Court.


                                    DEFENDANTS,
                                    MICHAEL SNOW, JOHN PATCH,
                                    and PETER BRULOTTE,
                                    By their attorneys,


                                    _____
                                    David C. Jenkins (BBO# 251000)
                                    Sarah N. Turner (BBO# 654195)
                                    Kopelman and Paige, P.C.
                                    31 St. James Avenue
                                    Boston, MA 02116
211022/02900/0019                   (617) 556-0007

CERTIFICATE OF SERVICE

I, Sarah N. Turner, hereby certify that on the below date, I served a copy of the

foregoing Written Notice of Removal, by mailing copy of same, postage prepaid, to the

following counsel of record:

Edward F. Berlin, Esq.
The Law Firm of Edward F. Berlin
278 Main Street, Suite 205
Greenfield, MA 01301-3302

Alexander Z. Nappan, Esq.
The Law Firm of Edward F. Berlin
278 Main Street, Suite 205
Greenfield, MA 01301-3302

Dated: 2|5|04

Sarah N. Turner

211022/02900/0019

A TRUE COPY ATTEST

CLERK

## COMMONWEALTH OF MASSACHUSETTS

FRANKLIN, SS.

SUPERIOR COURT
C.A. No.04-0003

THERESA CAHILL and
MERLE KINGSLEY,

     Plaintiffs,

v.

MICHAEL SNOW, JOHN PATCH, and
PETER BRULOTTE,

     Defendants.

NOTICE OF APPEARANCE

04 FEB -9 PM 1:43

FRANKLIN SUPERIOR COURT FILED

TO THE CLERK OF THE ABOVE-NAMED COURT:

Please enter my appearance for the Defendants Michael Snow, John Patch, and Peter Brulotte, in their capacities as members of the Town of Bernardston Board of Selectmen, in the above-referenced matter.

DEFENDANTS,
MICHAEL SNOW, JOHN PATCH, and
PETER BRULOTTE,

By their attorneys,

David C. Jenkins (BBO# 251000)
Sarah N. Turner (BBO# 654195)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

213245/BERN/0019

A TRUE COPY ATTEST

CLERK

## CERTIFICATE OF SERVICE

I, Sarah N. Turner, hereby certify that on the below date, I served a copy of the foregoing Notice of Appearance, by mailing copy of same, postage prepaid, to the following counsels of record:

Edward F. Berlin, Esq.
The Law Firm of Edward F. Berlin
278 Main Street, Suite 205
Greenfield, MA 01301-3302


Alexander Z. Nappan, Esq.
The Law Firm of Edward F. Berlin
278 Main Street, Suite 205
Greenfield, MA 01301-3302


Dated: 2/9/04

Sarah N. Turner

**b)     If the hearing proceeds without an impartial hearing officer, the defendants will have deprived Cahill and Kingsley of a constitutionally protected property interest without due process of law.**

Cahill and Kingsley have a constitutionally protected property interest in their jobs which further entitles them to a fair and impartial hearing.  The Town of Bernardston Personnel Policies and Procedures, Section 6(L)(b), states that town employees may be involuntarily terminated "for cause."  See Complaint Exhibit M.  This provision grants to Cahill and Kingsley a constitutionally protected property interest in their jobs.  See Wilmarth, 700 n.8 (town employee who could only be dismissed for cause had a property interest in continued government employment protected by procedural due process guarantees).  Furthermore, each year, Kingsley has been appointed to his position for a fixed and definite term of one year; his latest appointment expires in March 2004.  See Complaint Exhibit N.  Their property interest in their jobs entitles the plaintiffs to procedural due process protections, including a fair hearing conducted by impartial decision-makers.  See Commonwealth v. Susi, 394 Mass. 784, 786 (1985) ("The failure to grant a defendant a fair hearing before an impartial jury violates even minimal standards of due process").

The defendants' bias against Kingsley and Cahill, amply demonstrated in the Affidavits, prevents them from sitting as fair and impartial decision-makers at the plaintiffs' hearing.  Patch and Brulotte's prejudice against Kingsley are deeply rooted in past town government battles.  While the details of those battles are irrelevant here, they have left Patch and Brulotte determined to oust Kingsley from his position as Highway Superintendent.  Furthermore, the Selectmen's prejudice against Kingsley have spilled over to Cahill, Kingsley's partner of ten years.[4]  Over the past decade, Patch and Brulotte's prejudice against Kingsley and Cahill have become widely known in the Town of Bernardston.

---

[4]For example, in recent years, Selectman Patch has attempted to diminish Cahill's work hours from full-time to part-time, an effort that Cahill and others understood as a first step towards running her out of her position.

In recent weeks, the defendants' negative comments about the plaintiffs have reached a fever pitch. In both personal conversations and public fora, the defendants have indicated that they have already concluded the plaintiffs have broken the law and will be terminated. The attached Affidavits are typical of the perceptions within the town. With more time, Cahill and Kingsley will be able to secure numerous additional Affidavits regarding the Selectmen's bias against them.

Because Cahill and Kingsley have property interests in their jobs that entitle them to a fair and impartial hearing, and because they will be able to present even more evidence of the defendants' bias against them, the plaintiffs have a high likelihood of success on the merits of their due process claims under art. 12 of the Massachusetts Declaration of Rights and the Fourteenth Amendment of the Federal Constitution.

**3.    The defendants carry no risk of irreparable harm, nor are they likely to prevail on the merits of their case.**

The purpose of the public hearing of the charges against Cahill and Kingsley is to determine whether the Town of Bernardston has cause to punish them, and, if so, what that punishment should be. The postponement of the hearing until an impartial hearing officer is appointed does not impede that purpose; to the contrary, it ensures that the charges against the plaintiffs will be fully and fairly examined, and an appropriate outcome reached. Cahill and Kingsley agree to remain suspended with pay until a suitable hearing officer is found. While the defendants may claim that extending payment of the plaintiffs' salaries beyond January 28, 2004 irreparably injures the Town of Bernardston, any such injury is minimal, as an impartial hearing officer could be located and agreed upon in a matter of days.

Finally, the defendants have little chance of success on the merits of their case, as evidence of their bias against the plaintiffs is abundant and uncontroverted. Nor can the

-11-

defendants successfully argue that the plaintiffs will not suffer injury to their reputations; the local media coverage of the allegations against the plaintiffs has been incessant, and shows no sign of abating. Any negative outcome of the hearing against the plaintiffs will be widely reported in the media, affecting the plaintiffs' professional relationships, perceptions by other community members, and chances of finding future employment.

## IV. CONCLUSION

For the reasons stated above, it is clear that the risk of irreparable harm to the plaintiffs, in light of their likelihood of success on their claims, outweighs the defendants' risk of harm and chance of prevailing on the merits of the case. Therefore, the plaintiffs respectfully request that this Court issue a Temporary Restraining Order to prohibit the January 28, 2004 public hearing from taking place unless and until an impartial hearing officer is agreed upon by the parties. The plaintiffs further seek a court order that they remain on paid administrative leave until such hearing takes place.

Respectfully submitted,

THERESA CAHILL,
Plaintiff,
By her attorneys,
The Law Firm of Edward R. Berlin,
By:
Edward R. Berlin, BBO # 039900
Cole Thaler, BBO # 654904
20 Federal Street, Suite 5
Greenfield, MA 01301-3302
Telephone   (413) 774-4800
Facsimile   (413) 772-2558

MERLE KINGSLEY,
Plaintiff,
By his attorney,

Alexander Z. Nappan, BBO # 366900
32 Bray Road
Shelburne Falls, MA 01370
Telephone   (413) 625-1081

Dated: January 13, 2004

-12-

## COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF THE TRIAL COURT

FRANKLIN, ss.

**SUPERIOR COURT**
**GREENFIELD DIVISION**
Civ. No. 04- *OO 3*

)
THERESA CAHILL and MERLE           )
KINGSLEY,                          )
     Plaintiff,                    )
                             )
v.                                 )
                             )
MICHAEL SNOW, JOHN PATCH, and      )
PETER BRULOTTE,[1]                 )
     Defendants                    )

**REQUEST FOR**
**SHORT ORDER OF NOTICE**

*FRANKLIN SUPERIOR COURT*
*FILED*
*04 JAN 13 PH 2:00*

      The plaintiffs in the above-entitled action, Theresa Cahill and Merle Kingsley,

respectfully move that their Emergency Motion for a Temporary Restraining Order be marked for

hearing with sufficient time for a judge to rule prior to January 28, 2004.  Plaintiffs' counsel and

defendants' counsel have conferred, and both are available on Tuesday, January 20, 2004.

      As grounds for this request, Ms. Cahill and Mr. Kingsley state that the disciplinary

hearing they seek to restrain is scheduled for Wednesday, January 28, 2004 at 5:00pm.  If that

public hearing is allowed to proceed, Ms. Cahill and Mr. Kingsley will suffer irreparable harm

and violation of their constitutional due process rights.

A TRUE COPY ATTEST

*Doris G. Doyle*

CLERK

Franklin, ss. *1/13* , 20 *04*.
After hearing, the within Motion is hereby
Allowed *✓* Denied
By the Court *McDonald, J.*
Attest: *Doris G. Doyle*
                Clerk/Magistrate

[1] In their capacities as members of the Bernardston Board of Selectmen.

Respectfully submitted,

THERESA CAHILL,
Plaintiff,
By her attorneys,
The Law Firm of Edward F. Berlin,
By
Edward F. Berlin, BBO # 039900
Cole Thaler, BBO # 654904
20 Federal Street, Suite 5
Greenfield, MA 01301-3302
Telephone   (413) 774-4800
Facsimile   (413) 772-2558

MERLE KINGSLEY,
Plaintiff,
By his attorney,

Alexander Z. Nappan, BBO # 366900
32 Bray Road
Shelburne Falls, MA 01370
Telephone   (413) 625-1081

Dated: January 13, 2004

-2-

COMMONWEALTH OF MASSACHUSETTS

FRANKLIN, ss.

SUPERIOR COURT
CIVIL ACTION
NO.  04-003

THERESA CAHILL

vs.

MICHAEL SNOW, JOHN PATCH, and
PETER BRULOTTE, in their capacities
as members of the Bernardston Board of Selectmen

## SUMMONS - ORDER OF NOTICE

To the above-named Defendants:

You are hereby summoned and required to serve upon Edward F. Berlin and Cole Thaler, plaintiff's attorneys, whose address is The Law Firm of Edward F. Berlin, 20 Federal Street, Suite 5, Greenfield, MA 01301, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You are also required to file your answer to the complaint in the office of the Clerk of this court at Greenfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action  for a Temporary Restraining Order, and that a hearing upon such application will be held at the Superior Court at Greenfield, in the civil session without jury of the said court on **Tuesday, January 20, 2004, at 2:00 p.m.**, at which time you may appear and show cause why such application should not be granted.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the fourteenth day of January, in the year of our Lord two thousand and four.

Clerk

A TRUE COPY ATTEST

CLERK

## PROOF OF SERVICE OF PROCESS

     I hereby certify and return that on    January 14, 2004    , 2004, I served a copy of the within summons and order of notice, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (See Mass.R.Civ.P.4(d)(1-5):

Defendants' attorney, David Jenkins, Esq., agreed to accept service for all

defendants.  Complaint was mailed via Express Mail.  Summons was mailed via

Certified Mail, receipt # 7003 0500 0001 4086, pursuant to Mass.R.Civ.P.

4(d)(4)-(5).  Both complaint and summons were mailed to David Jenkins, Kopelman

Paige, P.C., 31 St. James Ave, Boston, MA 02116-4102.

Service was made by Attorney Alexander Z. Nappan

COMMONWEALTH OF MASSACHUSETTS

FRANKLIN, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 04-003

MERLE KINGSLEY

vs.

MICHAEL SNOW, JOHN PATCH, and
PETER BRULOTTE, in their capacities
as members of the Bernardston Board of Selectmen

**SUMMONS - ORDER OF NOTICE**

To the above-named Defendants:

You are hereby summoned and required to serve upon Alexander Z. Nappan, plaintiff's attorneys, whose address is 32 Bray Road, Shelburne Falls, MA 01370, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Greenfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action for a Temporary Restraining Order, and that a hearing upon such application will be held at the Superior Court at Greenfield, in the civil session without jury of the said court on **Tuesday, January 20, 2004, at 2:00 p.m.**, at which time you may appear and show cause why such application should not be granted.

Witness, Suzanne V. DelVecchio, Esquire at Greenfield, the fourteenth day of January, in the year of our Lord two thousand and four.

*Doris G. Doyle*

Clerk

A TRUE COPY ATTEST

*J. Doyle*
CLERK

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ___January 14, 2004___ , 2004, I served a copy of the within summons and order of notice, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (See Mass.R.Civ.P.4(d)(1-5):

Defendants' attorney, David Jenkins, Esq., agreed to accept service for all defendants. Complaint was mailed via Express Mail. Summons was mailed via Certified Mail, receipt # 7003 0500 0001 6277 4086, pursuant to Mass.R.Civ.P. 4(d)(4)-(5). Both complaint and summons were mailed to David Jenkins, Kopelman Paige, P.C., 31 St. James Ave., Boston, MA 02116-4102.

Service was made by Attorney Edward F. Berlin