UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-CV-11379-MAP

THERESA CAHILL and,
MERLE KINGSLEY,

       Plaintiffs

v.

MICHAEL SNOW, JOHN PATCH, and
PETER BRULOTTE, in their capacities as
members of the TOWN OF BERNARDSTON
BOARD OF SELECTMEN,

       Defendants

DEFENDANTS' ANSWER TO
PLAINTIFFS' VERIFIED
COMPLAINT

## INTRODUCTION

1. The allegations set forth in the "Introduction" section of the Complaint comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are denied.

## PARTIES

2. Defendants state that they are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants state that they are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Admitted.

5. Admitted.

6. Admitted.

## STATEMENT OF FACTS

7.  Defendants admit only that Theresa Cahill ("Cahill") has worked as an Administrative Assistant for the Town of Bernardston ("Town") and that she is a member of the county retirement system. With respect to the remaining statements in the paragraph, the defendants are without knowledge or information sufficient to form a belief as to the truth of the statements.

8.  Defendants admit that Merle Kingsley ("Kingsley") has been the Highway Superintendent for the past 10 years. Defendants deny an existence of reappointing Kingsley to a fixed term of one year as Highway Superintendent.

9.  The Defendants admit that the Town participated in the collaborative bidding process by COG. Defendants deny the remaining statements in Paragraph 9.

10. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. Admitted that the Town was included in the bidding process. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Admitted.

13. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. Admitted.

16. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 17 of the Complaint.

18. Admitted.

19. Defendants state that Exhibit A speaks for itself.

20. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants state that Exhibit B speaks for itself.

25. Admitted.

26. Defendants admit that the Board of Selectmen paid the fees. Denied as to each and every other allegation contained in Paragraph 26 of the Complaint.

27. Defendants admit that John Patch ("Patch") opened the files on the computer and discovered two documents. Denied as to the computer being identified as Cahill's and all other allegations contained in Paragraph 27 of the Complaint.

28. Denied.

29. Defendants admit only that Patch gave the documents to the Inspector General's Office and that the Inspector General reopened its investigation. To the extent this paragraph imputes any obligation that Patch discuss these documents with the plaintiffs prior to submitting them to the Inspector General, such allegation is denied.

30. Defendants state that Exhibit C speaks for itself.

31. Defendants admit that an emergency meeting was posted on December 12, 2003. Defendants are without knowledge or information sufficient to either admit or deny the other allegations contained in Paragraph 31 of the Complaint.

32. Defendants admit that on December 12, 2003, Cahill was notified that she was placed on administrative leave with pay. The defendants deny that she was suspended and all other allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit that on December 12, 2003, the locks were changed to the Highway Department Garage and that Kingsley was notified that he was placed on administrative leave with pay. The defendants deny that he was suspended.

34. Admitted. Defendants further state that Exhibits D and E speak for themselves.

35. Admitted.

36. Denied.

37. Denied.

38. Defendants are without knowledge or information sufficient to either admit or deny the statements contained in Paragraph 38 of the Complaint.

39. Denied.

40. Defendants admit as to the first sentence in Paragraph 40. Defendants deny the remaining allegations in Paragraph 40.

41. Denied.

42. Denied.

43. Defendants admit only that the hearing was scheduled for January 28, 2004 and that, as the plaintiffs' appointing authority, the defendants would have been the hearing officers. Defendants deny all other allegations contained in Paragraph 43.

44. Defendants are without knowledge or information sufficient to either admit or deny the statements contained in Paragraph 44 of the Complaint.

4

45. Defendants admit that the quoted section is in the Town's Personnel Policies and Procedures. The defendants deny that Exhibit L is currently the Personnel Policies and Procedures in effect.

46. Defendants admit only that they voted unanimously against recusing themselves as hearing officers. Denied as to all other allegations contained in Paragraph 46.

CAUSES OF ACTION

COUNT ONE

47. The defendants restate and incorporate by reference their responses to Paragraphs 1-46.

48. Paragraph 48 asserts only a legal conclusion to which no response is required. To the extent that a response is required, said allegation is denied.

49. Denied.

50. Denied.

51. Paragraph 51 asserts only a legal conclusion to which no response is required. To the extent that a response is required, said allegation is denied.

52. Paragraph 52 asserts only a legal conclusion to which no response is required. To the extent that a response is required, said allegation is denied.

53. Denied.

54. Denied.

55. Denied.

56. Paragraph 56 of the Complaint contains only a prayer of relief to which no response is required. In further answering, Defendants deny that Plaintiffs are entitled to the relief requested in Paragraph 56 of the Complaint.

## COUNT TWO

55. [sic][1] The defendants restate and incorporate by reference their responses to Paragraphs 1-55.

56. Paragraph 56 asserts only a legal conclusion to which no response is required. To the extent that a response is required, said allegation is denied.

57. Paragraph 57 asserts only a legal conclusion to which no response is required. To the extent that a response is required, said allegation is denied.

58. Paragraph 58 asserts only a legal conclusion to which no response is required. To the extent that a response is required, said allegation is denied.

59. Denied.

60. Denied.

61. Denied.

62. Paragraph 62 of the Complaint contains only a prayer of relief to which no response is required. In further answering, Defendants deny that Plaintiffs are entitled to the relief requested in Paragraph 62 of the Complaint.

## COUNT THREE

63. The defendants restate and incorporate by reference their responses to Paragraphs 1-62.

64. Paragraph 64 asserts only a legal conclusion to which no response is required. To the extent that a response is required, said allegation is denied.

65. Paragraph 65 asserts only a legal conclusion to which no response is required. To the extent that a response is required, said allegation is denied.

---

[1] From herein the numbering of the Plaintiffs' Verified Complaint is incorrect. For consistency purposes, the defendants will follow the plaintiffs' numbering.

66. Paragraph 66 asserts only a legal conclusion to which no response is required. To the extent that a response is required, said allegation is denied.

67. Paragraph 67 asserts only a legal conclusion to which no response is required. To the extent that a response is required, said allegation is denied

68. Denied.

69. Denied.

70. Denied.

71. Paragraph 71 of the Complaint contains only a prayer of relief to which no response is required. In further answering, Defendants deny that Plaintiffs are entitled to the relief requested in Paragraph 71 of the Complaint.

## FIRST DEFENSE

The complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

The action advanced by the plaintiff is frivolous, wholly unsubstantiated and not advanced in good faith, entitling the defendant to the recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

## THIRD DEFENSE

The plaintiffs are at will employees and not entitled to a predisciplinary or pretermination hearing.

## FOURTH DEFENSE

The plaintiffs are equitably estopped from pursuing their claim due to unclean hands.

## FIFTH DEFENSE

The plaintiffs will not suffer any irreparable harm.

## SIXTH DEFENSE

Plaintiffs have an adequate remedy at law.

## SEVENTH DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

## EIGHTH DEFENSE

Plaintiffs' Complaint fails under the doctrine of ripeness.

## NINTH DEFENSE

Plaintiffs' due process claims must be dismissed because state law provides for adequate post-deprivation remedy and plaintiffs have been afforded all process due them.

## TENTH DEFENSE

To the extent plaintiffs allege a violation of their substantive due process rights such claims must be dismissed because plaintiffs have failed to allege conduct that shocks the conscience or interferes with a fundamental constitutional right.

## JURY CLAIM

The defendants respectfully demand a trial by jury.

WHEREFORE, the Defendants respectfully request that the Court:

a. Dismiss the Plaintiffs' Verified Complaint, with prejudice and enter Judgment in favor of the Defendants;

b. Award the Defendants their costs in defending against this action, including a reasonable allowance for attorneys' fees;

c. Award the Defendants such other relief as this Court deems just and equitable.

DEFENDANTS,
MICHAEL SNOW, JOHN PATCH,
and PETER BRULOTTE, in their
capacities as members of the TOWN
OF BERNARDSTON BOARD OF
SELECTMEN,

By their attorneys,

David C. Jenkins (BBO# 251000)
Sarah N. Turner (BBO# 654195)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

9

## CERTIFICATE OF SERVICE

I, Sarah N. Turner, hereby certify that on the below date, I served a copy of the foregoing Answer, by mailing copy of same, postage prepaid, to the following counsels of record:

Edward F. Berlin, Esq.

The Law Firm of Edward F. Berlin
278 Main Street, Suite 205
Greenfield, MA 01301-3302


Alexander Z. Nappan, Esq.
The Law Firm of Edward F. Berlin
278 Main Street, Suite 205
Greenfield, MA 01301-3302


Dated: 2/12/04

Sarah N. Turner

213095/BERN/0019