UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04-30024-MAP

| | |
|---|---|
| THERESA CAHILL and<br>MERLE KINGSLEY,<br><br>    Plaintiffs<br><br>v.<br><br>MICHAEL SNOW, JOHN PATCH, and<br>PETER BRULOTTE,[1]<br><br>    Defendants | MEMORANDUM IN SUPPORT OF<br>DEFENDANTS' MOTION TO STRIKE<br>PLAINTIFFS' AFFIDAVITS AND<br>NEWSPAPER ARTICLES |

I.     INTRODUCTION

This memorandum is submitted on behalf of Defendants Michael Snow, John Patch, and Peter Brulotte, in support of their Motion to Strike Affidavits and Newspaper Articles from Plaintiffs' Verified Complaint, as incorporated in their Motion for Temporary Restraining Order. Specifically, defendants seek to strike the following:

1.     Affidavit of Jonathan Pineo (Verified Complaint, Exhibit F), ¶¶ 5-12;

2.     Affidavit of Richard Steward (Verified Complaint, Exhibit G), ¶¶ 9-19;

3.     Affidavit of William Shores (Verified Complaint, Exhibit H), in its entirety;

4.     Affidavit of Janice Leh (Verified Complaint, Exhibit I), in its entirety;

5.     Newspaper article from The Recorder, dated January 8, 2004 (Verified Complaint, Exhibit J); in its entirety; and

---

[1] Michael Snow, John Patch, and Peter Brulotte are not being sued in their individual capacity, but rather in their capacities as members of the Bernardston Board of Selectmen.

6. Newspaper article from <u>The Recorder</u>, dated December 13, 2003, December 17, 2003, December 20 & 21, 2003, (Verified Complaint, <u>Exhibit K</u>) in its entirety.

As established below, these affidavits and newspaper articles are rife with statements of opinion and belief, conclusions of law, and inadmissible hearsay, and for these reasons must be stricken.

II. <u>ARGUMENT</u>

A. <u>The Affidavits of Jonathan Pineo, Richard Steward, William Shores, and Janice Leh Must Be Stricken.</u>

1. <u>Statements of Opinion and Belief</u>

Statements made for an affidavit must only be based upon the individual's personal knowledge and should not contain statements of opinion, speculation, or belief. <u>Sheinkopf</u> v. <u>Stone</u>, 927 F.2d 1259, 1262 (1st. Cir. 1991) (The court "cannot accept in lieu of documented facts, conclusory assertions."). In this matter, the affidavits submitted by the plaintiffs contain numerous statements beginning with the phrase, "It is my belief," "I believe," and "to the best of my knowledge and belief." See Verified Complaint, <u>Exhibit F</u>, ¶¶ 7, 8, and 10-12; <u>Exhibit G</u>, ¶¶ 9-12; 15, and 18-19; <u>Exhibit H</u>, ¶¶ 9-11, and 13; and <u>Exhibit I</u>, ¶¶ 10, 12, and 16-17. These bald assertions and vague statement are unsupported by any personal knowledge and are insufficient as evidence to be relied upon in the plaintiffs' Motion for Temporary Restraining Order. <u>See Sartor</u> v. <u>Arkansas Natural Gas Corp.</u>, 321 U.S. 620, <u>reh'g denied</u> 323 U.S. 767 (1944); <u>Boyle</u> v. <u>Turnage</u>, 798 F.2d 549 (1st Cir. 1988). Accordingly, all of the statements in the affidavits containing unsupported beliefs and opinion should be stricken.

2. <u>Statements of Legal Conclusion</u>

The affidavits attached by the plaintiffs also include many paragraphs where the affiants assert legal conclusions. See Verified Complaint, <u>Exhibit G</u>, ¶ 18; <u>Exhibit H</u>, ¶¶ 9, 11, and 13; and <u>Exhibit I</u>, ¶ 10. These legal conclusions are not made upon "personal knowledge" and are not appropriate for affidavit testimony.

The purpose of an affidavit is not to bring legal arguments before the trial court. Rather, that is the function of the parties' memoranda of law. <u>Lewis</u> v. <u>Antelman</u>, 10 Mass. App. Ct. 221, 227 (1980); <u>see also</u> <u>Automatic Radio Mfg. Co.</u> v. <u>Hazeltine Research Inc.</u>, 339 U.S. 827, 831 (1950) ("legal arguments are not the proper subject matter of an affidavit."). The affidavits submitted by the plaintiffs are replete with such inappropriate legal assertions. For instance, in Paragraph 11 of William Shores' ("Shores") Affidavit and Paragraph 10 of Janice Leh's ("Leh") affidavit, they state, "I believe that Mr. Brulotte [and Mr. Snow] has a conflict of interest . . . and cannot be an impartial or unbiased decision maker at their hearing." These statements, along with many other statements in the affidavits are not made upon personal knowledge, and more importantly, are not factual statements at all. Rather, they simply assert the legal theories upon which the plaintiffs submit in their Motion for a Temporary Restraining Order.

Therefore, the paragraphs contained in the affidavits that state legal conclusions should be stricken.

3. <u>Hearsay</u>

The affidavits submitted by the plaintiffs also contain numerous paragraphs that constitute inadmissible hearsay. See Verified Complaint, <u>Exhibit G</u>, ¶¶ 11, 17; <u>Exhibit H</u>, ¶¶ 7, 8, 12; <u>Exhibit I</u>, ¶¶ 8, 13. The statements offered by the plaintiffs are "other than

3

one made by the declarant . . . offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

In these paragraphs, the affiants describe out of court statements made by other individuals. For example, Richard Steward ("Steward") states in his affidavit, "I have a signed copy of a statement from Ms. Cahill in which she relates a conversation between Mr. Snow and the Bernardston Town Treasurer . . ." Verified Complaint, Ex. G, ¶ 11. Leh's affidavit also contains many hearsay statements, including, "Terri called me from home . . . and told me that she had overheard a conversation . . ." See Verified Complaint, Ex. I, ¶ 8. These are just some examples of the hearsay included within the affidavits submitted by the plaintiffs in support of their motion. These paragraphs are unreliable and inappropriate for consideration in this proceeding and should be stricken.

The defendants recognize that in rare circumstances the courts have allowed for affidavits containing hearsay statements to be introduced during preliminary injunction hearings. See Asseo v. Pan American Grain Co., Inc., 805 F.2d 23, 26 (1st Cir. 1996); CCBN.Com, Inc. v. C-Call.Com, Inc., 73 F.Supp.2d 106, 113 (D. Mass. 1999). However, this is only appropriate where absolutely necessary, and where the defendants have had prior opportunities to cross-examine the witnesses, such as in a previous administrative hearing or at a deposition. See Asseo, 805 F.2d at 26; CCBN.Com, Inc., 73 F.Supp.2d at 113. These circumstances are not present in this matter, and the hearsay portions of the affidavits should therefore be stricken.

B. The Newspaper Articles Attached As Exhibits J and K Constitute Hearsay and Must Be Stricken.

The newspaper articles must be stricken because they comprise inadmissible hearsay. See Libertad v. Welch, 53 F.3d 428, 443 n.12 (1st Cir. 1995). The articles are unreliable in proving the statements contained therein and should not be offered to prove the truth of the matter asserted. See Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) ("The [newspaper] account is hearsay, inadmissible at trial to establish the truth of the reported facts."). Accordingly, the newspaper articles should be stricken.

C. The Affidavits of Richard Steward, William Shores and Janice Leh Should Be Stricken in Their Entirety.

The affidavits of Steward, Shores, and Leh should be stricken in their entirety because they are inherently unreliable and any weight given to their affidavits would be prejudicial toward the defendants. See Fed. R. Evid. 403; Staniewicz v. Beecham, Inc., 687 F.2d 526, 530 (1st Cir. 1982).

The affidavits of Steward, Shores, and Leh are unreliable because all three affiants have personal motives to delay the Board of Selectmen's disciplinary hearing and are actually implicated in the misconduct giving rise to these proceedings. Specifically, Steward, Shores, and Leh were members of the Board of Selectmen during the procurement of the sand contract and the Inspector General's investigation, both of which will be issues at the disciplinary hearing. As members of the prior Board of Selectmen, Steward, Shores, and Leh were admonished by the Inspector General, in his December 2003 report, for not exercising diligence in the supervision of the procurement process. See Verified Complaint, Ex. C, p.6. Further, all three of these individuals were replaced on the Board of Selectmen by the defendants. See Patch Aff., ¶¶ 3-5. All three of these

individuals have a personal interest in delaying the hearings and personal motives to make negative comments about the defendants who had the investigation re-opened and who are now attempting to hold appropriate disciplinary hearings. Given these clear personal motives and conflicts, the affidavits of Steward, Shores, and Leh are inherently unreliable and should not be considered by the Court.

More troublesome are the affidavits of Shores and Leh, because they are named in the plaintiffs' Verified Complaint as individuals who assisted Cahill in her alleged fraudulent act of creating and discarding falsified reports. Specifically, Shores' affidavit should be stricken because in Paragraph 22 of the Verified Complaint the plaintiffs state, "Shores directed Cahill to create two documents: One dated 9/13/00, requesting sealed bids . . . and a second dated, 10/12/00 . . . stating that [Kingsley] would like to choose the Cersosimo Industries . . ." The creation of these fake documents is one of the central issues in this matter, and Shores has been implicated by the plaintiffs in directing Cahill to create these documents. To allow his affidavit, which contains many negative comments and opinions about the defendants, would cause the defendants irreparable harm, especially, when it is clear that Shores has a personal interest in delaying the hearing and avoiding inquiry by the Town regarding Cahill's claim that Shores directed Cahill to break the law. Therefore, any statements made by Shores should be considered unreliable and his affidavit should be stricken in its entirety.

Leh's affidavit should also be stricken for the same reasons. In Paragraph 23 of the Verified Complaint, the plaintiffs state that, "Leh instructed Cahill to 'lose' the documents or hide them in a computer file." To allow her affidavit, which contains many negative opinions and unsupported comments about the defendants, would cause

irreparable harm to the defendants, especially, when Leh has been named as being an active participant in the alleged cover up of the Inspector General's investigation.

Clearly, because of their actions in this matter, as described in the Plaintiffs' Verified Complaint, Shores and Leh have improper motives in not having the defendants hear the case. For these reasons, the Court should use its discretion in determining "whether the risk of unfair prejudice substantially outweighs the probative value of the proffered evidence." Staniewicz, 687 F.2d at 530. Accordingly, their affidavits should be stricken in their entirety.

> D. The Affidavits of Steward, Shores, and Leh, Should be Stricken Because The Affidavits Were Obtained In Violation of Professional Rules of Conduct.

The affidavits submitted by the plaintiffs of Steward, Shores, and Leh, all former Board of Selectmen, should be stricken because they were obtained in violation of Rule 4.2 of Massachusetts Rules of Professional Conduct. According to comment 4 of Rule 4.2 an attorney must avoid ex parte contact to three categories of employees:

> "(1) persons having managerial responsibility on behalf of the organization with regard to the subject of the representation; (2) persons whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability; and (3) persons whose statements may constitute an admission on the part of the organization."

Messing, Rudavsky & Weliky, P.C. v. President and Fellows of Harvard College, 436 Mass. 347, 354, 764 N.E.2d 825, 831 (2002) (internal quotations omitted). The Supreme Judicial Court interpreted this rule to "ban contact only with those employees who have the authority to 'commit the organization to a position regarding the subject matter of representation.'" Id. at 833 (quoting Johnson v. Cadillac Plastic Group, Inc., 930 F.Supp. 1437, 1442 (D.Colo. 1996)).

7

In this matter the former members of the Board of Selectmen meet all three categories. First, the Board of Selectmen is the chief executive body of the Town and is responsible for the supervision and discipline of Town employees, as well as procurement of goods and services for the Town. Their apparent failure to properly execute these responsibilities, as alleged in the plaintiffs' own Verified Complaint, resulted in investigations by the Inspector General, culminating in the findings of the Inspector General that the Town violated public bidding laws. It is these very investigations and findings that underlie the disciplinary action by the current Board of Selectmen, which the plaintiffs now seek to enjoin. Second, according to the plaintiffs, the former selectmen were directly involved in misleading the Inspector General's investigation, which resulted in the Town paying a monetary settlement to a rejected low bidder. Finally, the statements made by Cahill in her Verified Complaint name Shores and Leh as individuals who directed her to commit an unlawful act. Therefore, the plaintiffs are claiming that, through their acts and omissions, the former selectmen committed the Town in the matter before this Court.

Therefore, since the affidavits of former selectmen violate the Rules of Professional conduct, these affidavits should be stricken.

III.   CONCLUSION

For all of the above reasons, the defendants respectfully request that the affidavits and newspaper articles be stricken.

DEFENDANTS,
MICHAEL SNOW, JOHN PATCH, and
PETER BRULOTTE,

_____
Jonathan M. Silverstein (BBO# 630431)
Sarah N. Turner (BBO# 654195)
Kopelman & Paige, P.C.
   Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

213831/BERN/0019

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 2/13/04